ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 NOV 20 PM 3: 03

CLERK _L. Jerusalem_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GARY W. DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-156 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Gary W. Dunn ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Period of Disability and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based upon claims of disability dating back to September 21, 2002, Plaintiff applied for DIB on July 3, 2003. Tr. ("R."), pp. 54-56. The Social Security Administration denied Plaintiff's original claim, (R. 26-29), and his request for reconsideration (R. 31-33). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 34. Represented

by counsel, Plaintiff appeared and testified at a hearing on January 11, 2006. R. 362-76. Vocational Expert ("VE") Robert Bradley also testified at the hearing. R. 373-75. The ALJ then issued an unfavorable decision dated July 26, 2006. R. 11-21.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 21, 2002, the alleged onset date of disability.

2. The claimant has the following severe impairments: shoulder and back pain.

3. These medically determinable impairments do not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any of his past relevant work but has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently, stand or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday. In addition, the claimant can perform only occasional overhead reaching[,] and he requires the ability to alternate between sitting and standing at will. As a result of side effects from medication (mild difficulties maintaining concentration, persistence and pace), the claimant is restricted to unskilled work activity.

5. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary or light work, using Medical-Vocational Rule 201.25 and 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples include the following unskilled jobs: photo finisher . . . and surveillance systems monitor. . . . [Thus,] [t]he claimant has not been under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

R. 20-21.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 5-7. Having failed to convince

2

the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ (1) ignored the opinions and findings of treating and/or examining physician(s); and (2) did not properly use the VE at the hearing.

## II. **THE STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual

findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. **DISCUSSION**

#### A. **Opinions of Treating Physicians**

The Court first turns its attention to Plaintiff's allegation of error regarding the ALJ's decision to discount the opinions of two treating physicians, Peter R. Preganz, M.D., and Harvey W. Schefsky, M.D., regarding Plaintiff's functional limitations. Plaintiff argues that the ALJ erred in discounting these opinions because he "failed to point out flaws or errors these physicians had made in their assessment of Plaintiff's overall medical condition." Pl.'s Br., p. 10. According to Plaintiff, when the ALJ decided to accord "little weight" to the opinions of Drs. Preganz and Schefsky, he ignored or downplayed the information in the records of these two doctors that were part of the administrative record and focused only on

4

the information in the record that supported his (the ALJ's) conclusion that Plaintiff was not disabled within the meaning of the Social Security Act. Id. at 9-10. Strangely, in his brief, the Commissioner does not even mention the names of Drs. Preganz or Schefsky, let alone address Plaintiff's specific arguments concerning their opinions.[1] Instead, the Commissioner opts for a more generic approach by stating, "[T]he treatment notes and medical records, as well as the clinical observations, were properly evaluated and assigned appropriate probative weight." Comm'r Br., p. 6 (citing ALJ's opinion at R. 15-18). Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The

---

[1] The Commissioner does include a citation to some of the records of these two doctors in a string cite in the section of his brief in which he argues that there is substantial evidentiary support for the ALJ's determination of Plaintiff's residual functional capacity. Comm'r Br., p. 5. However, the Commissioner makes no effort to separate out these records, let alone offer argument concerning the ALJ's treatment of the entirety of the records of these two doctors from the relevant time period of September 21, 2002 through March 31, 2003.

5

Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Here, as noted above, the Commissioner did not directly address Plaintiff's argument that the ALJ did not provide sufficient reasoning to reject the opinions rendered by Drs. Preganz and Schefsky. Moreover, upon review of the ALJ's decision, it is clear that although he used the appropriate buzzwords, there is no substance to the analysis. For instance, the ALJ first recited the general proposition that the determination of a claimant's residual functional capacity is an issue reserved to the Commissioner. R. 18 (citing SSR 96-5p). The ALJ then stated, "The lack of significant objective findings in the other evaluations and the diagnostic test findings of record convinces the undersigned that these opinions [of Drs. Preganz and Schefsky] are entitled to little weight." R. 18. The ALJ failed to give any indication of what the "other" evaluations and diagnostic test findings might be, let alone explain how this "other" information conflicts with any specific findings of Drs. Preganz and Schefsky.[2]

---

[2]For example, after having had a seven year treatment relationship with Plaintiff, Dr. Preganz opined that Plaintiff is "unable to lift anything more significant than five pounds for any period of time and has significant pain on abduction of the shoulders and raising of the arms over the head." R. 351. Dr. Schefsky opined that Plaintiff was unable to lift more than ten pounds and that Plaintiff had limited range of motion with his shoulders. R. 359. Nevertheless, the ALJ concluded that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, with occasional overhead reaching. R. 20.

The ALJ went on to say that the opinions of Drs. Preganz and Schefsky "are not accompanied by thorough, contemporaneous notes, and are not consistent with the objective medical evidence of record when viewed in its entirety." R. 18. However, as Plaintiff points out - and the record confirms - notes of office visits and the records of both physicians are part of the record, albeit at different exhibit numbers than the Exhibits 20F and 21F mentioned by the ALJ in his "analysis" of these two doctors' opinions.[3] See, e.g., R. 210-333, Exs. 16F & 17F; Pl.'s Br., p. 8 n.4. And again, the ALJ fails to note any specific inconsistencies with other medical evidence of record. Lastly, the Court notes that the ALJ mentioned, "Dr. Schefsky admitted that he had not treated the claimant for over a year." R. 18. However, upon examination of Exhibits 20F and 21F noted by the ALJ, it appears that it was Dr. Preganz who had not seen Plaintiff in over a year because of a loss of insurance coverage. R. 351. In any event, as the relevant time period under consideration for Plaintiff's application for benefits is September 21, 2002 through March 31, 2003 (R. 20), that Dr. Preganz last saw Plaintiff in February of 2004 seems to be a tenuous at best reason to discount this doctor's opinion rendered in 2005.

In sum, the ALJ failed to provide adequate reasons for discounting the opinions of Drs. Preganz and Schefsky. The Court is mindful of the difficulties of evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-

---

[3]Indeed, the ALJ set forth the information in these medical notes from Drs. Preganz and Schefsky found in Exhibits 16F and 17F in the two pages preceding his comment that there were no thorough, contemporaneous notes to support the opinions of these two treating physicians. R. 16-18. When recounting this information, the ALJ did not offer any analysis of the records; he simply set forth the doctors' findings. R. 16-17.

7

articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. As the ALJ in this case failed to adequately explain his reasons for discrediting the opinions of Drs. Preganz and Schefsky, this case should be remanded for proper consideration, in the first instance at the administrative level of review, of the opinions of these two treating physicians.[4]

## B. Utilization of VE at Hearing

Plaintiff also contends that the ALJ did not properly use the VE at the hearing because the hypothetical question presented by the ALJ did not include all of Plaintiff's limitations. Pl.'s Br., pp. 12-13. Thus, Plaintiff contends that the VE's identification of certain jobs that Plaintiff could perform based on that hypothetical does not form an adequate basis for determining that he was "not disabled" within the meaning of the Social Security Act. Id. The Commissioner acknowledges that the VE stated that the additional restrictions

---

[4]As a subpart of his argument concerning the weight afforded to the opinions of Drs. Preganz and Schefsky, Plaintiff also contends that the ALJ improperly considered his subjective allegations of pain in light of the record evidence, including the records and opinions of his treating physicians. Pl.'s Br., pp. 10-11. The Court need not address this sub-argument in light of the recommendation for remand to properly address the opinions of Drs. Preganz and Schefsky. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects, not just those specifically addressed herein. Thus, for example, Plaintiff's subjective complaints of pain, must be evaluated in accordance with the Eleventh Circuit's three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, a claimant must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegations of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

posed in counsel's hypothetical - an individual limited to lifting no more than five pounds and who also experienced medication-induced cognitive defects like diminished attention span and inability to focus - would preclude performance any of the jobs identified in response to the ALJ's hypothetical. Comm'r Br., p. 9. However, according to the Commissioner, the ALJ was not bound by the response to counsel's hypothetical because the ALJ ultimately discounted the basis for counsel's additional restrictions. Id. The Court agrees with Plaintiff that the ALJ did not properly use the VE at the hearing.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform his past relevant work but had the residual functional capacity to perform a range of sedentary to light work, as set forth in detail herein at page 2. R. 20. Because Plaintiff could no longer perform his past relevant work, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given his age, education, previous work experience, and residual functional capacity. In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines. The record reflects that the ALJ asked the VE the following:

> .... So, let's assume a person of similar age, education and experience as the claimant who is limited to a range of sedentary to light work which would permit only occasional overhead reaching and would require a sit/stand option. Can you think of any occupations that would be available to such a hypothetical individual?

R. 374.[5] In response, the VE stated that Plaintiff could perform the work of a photograph finisher, surveillance system monitor, and "labeler any industry." R. 374.

Counsel for Plaintiff then asked the following alternative hypothetical:

> .... Same education and work background obviously. If the claimant was limited to, well let me just read it for the doctor here, unable to lift anything more significant than five pounds and also has due to medication cognitive affects such as diminished attention span and inability to focus, would theses jobs still be applicable?

R. 375. The VE answered that not only would the previously identified jobs not be available, but there would be no jobs available. R. 375.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

Here, Plaintiff's arguments concerning the question posed to the VE by the ALJ are tied in part to his prior argument about the ALJ's decision to discount the opinions of

---

[5]Sedentary work involves, *inter alia*, lifting no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a). Light work involves, *inter alia*, lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Id. § 404.1567(b).

10

Plaintiff's treating physicians. Specifically, if the opinions of Drs. Preganz and Schefsky were to be credited, then Plaintiff's residual functional capacity determination might also change, thereby possibly changing the limitations presented to the VE in a hypothetical. Fortunately, the Court need not delve into what impact an appropriate consideration of the opinions of Drs. Preganz and Schefsky might have because, even as the record existed at the time of the administrative hearing, the ALJ had determined that Plaintiff had limitations which were not included in the hypothetical presented to the VE. Specifically, the ALJ found that Plaintiff had mild difficulties in maintaining concentration, persistence and pace because of side effects from medication. R. 20. However, no such limitations were presented in the hypothetical upon which the ALJ relied to determine that there were jobs that Plaintiff could perform. See R. 374. Nor did the ALJ mention the severe impairments he found that Plaintiff had: shoulder and back pain. R. 20. As these limitations may have changed the VE's testimony, a remand is appropriate.[6] Simmons v. Barnhart, No. 03-11485, slip op. at 5 (11th Cir. Nov. 28, 2003) (rejecting district court's harmless error analysis of ALJ's failure to include all identified limitations in hypothetical to VE and citing Pendley, 767 F.2d at 1561 for the proposition that courts should not assume type of answer that VE may provide if presented with additional limitations for claimant).

---

[6]Notably, however, the Court specifically rejects Plaintiff's argument concerning the educational requirements of the jobs identified by the VE. Pl.'s Br., p. 14. Plaintiff assumes that the "GED" requirement for the listed jobs was a requirement for a General Equivalency Diploma. However, as the Commissioner points out, the "GED" requirement in the Dictionary of Occupational Titles stands for General Educational Development and "refers to those aspects of education, formal and informal, which are required of a worker for satisfactory job performance." Comm'r Br., p. 9. Thus, the jobs identified by the VE do not have the educational requirement posited by Plaintiff in his brief.

11

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this ___ day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE